**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DEANCA RIGSBY,<br>Plaintiff<br><br>v.<br><br>THE CBE GROUP, INC.,<br>Defendant | §<br>§<br>§<br>§   Case Number 3:16-cv-3323<br>§<br>§<br>§<br>§ |

The plaintiff DEANCA RIGSBY ("Plaintiff"), by her attorney Sameer Birring of the Birring Law Firm, P.C., as and for her complaint against the defendant THE CBE GROUP, INC. ("CBE") alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and exemplary damages, and statutory attorney's fees brought pursuant to the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* ("TDCA"), and the common law claim of unreasonable collection.

2. The plaintiff alleges that the defendant violated these consumer protection laws by repeatedly using an automated telephone dialing system ("ATDS") to call her over 150 times and attempt to collect a debt after she informed the defendant that she did not owe any such debt. Plaintiff does not know how Defendant obtained her phone number and believes Defendant was calling in an attempt to reach another person who owed such debt.

3. The plaintiff was damaged by the defendant's conduct and, pursuant to the TCPA, FDCPA, and TDCA is entitled to recover actual damages, statutory damages, attorney's fees,

1

and costs incurred in bringing this action. The plaintiff is also entitled to an award of exemplary damages pursuant to her claim of unreasonable collection.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 47 U.S.C. § 227(b)(3) and 15 U.S.C. § 1692(k). This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. The plaintiff is an individual residing in Texas and a "consumer" within the meaning of the FDCPA and TDCA and the "called party" pursuant to the TCPA.

6. The CBE Group, Inc. ("CBE") is an Iowa corporation and a "debt collector" as defined by the FDCPA [15 U.S.C. § 1692a(6)] and TDCA [Tex. Fin. Code § 392.001(6)], as well as a "third-party debt collector" as defined by the TDCA [Tex. Fin. Code § 392.001(7)]. CBE is registered as a debt collector with the Texas Secretary of State. CBE is registered to do business in Texas, and may be served with process upon its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL BACKGROUND

7. At no time did Plaintiff ever enter into a business relationship with Defendant.

8. On October 3, 2015, CBE called the plaintiff at her cellular telephone number (214) xxx-2242. When CBE called, the number (855) 459-1112 appeared on the caller ID of Plaintiff's cellular telephone.

9. On October 5, 2015, CBE called the Plaintiff again at her cellular telephone number (214) xxx-2242.

10. CBE was calling to collect on a consumer debt owed by a person that was not the Plaintiff.

11. Plaintiff informed CBE on or around October 5, 2015 that she was not the alleged debtor for whom CBE was calling, and that CBE had called the wrong number.

12. Defendant continued to call Plaintiff's cellular telephone to collect on a debt that did not belong to her.

13. Plaintiff clearly asked Defendant many times to cease calling her at the (214) xxx-2242 cellular telephone number to collect on this debt that did not belong to her.

14. Plaintiff does not know how Defendant obtained her cellular telephone number (214) xxx-2242.

15. In total, Defendant called Plaintiff's (214) xxx-2242 number over 150 times from October 3, 2015 to December 3, 2015.

16. Each time Defendant called, the number (855) 459-1112 appeared on the caller ID of Plaintiff's cellular telephone.

17. When Plaintiff would answer Defendant's phone calls, she would hear a brief silence followed by a click.

18. Upon information and belief, Defendant placed all of its calls to Plaintiff using a predictive dialer that has the capacity to dial numbers without human intervention.

19. Upon information and belief, the equipment used by Defendant to place the calls also has the capacity to, and does, call telephone numbers stored as a list or in a database without human intervention.

20. Upon information and belief, Defendant places these calls using an ATDS.

21. Defendant is licensed with the Texas Public Utility Commission ("TPUC") to use an Automatic Dial Announcing Device ("ADAD") to call consumers in Texas, with Permit Number 140024. The TPUC first issued this permit on May 6, 2014 and last renewed it on May 6, 2016.

22. Defendant's calls were not placed for an emergency purpose.

23. Plaintiff did not consent to receive calls to her cellular telephone (214) xxx-2242 placed with an ATDS.

24. Defendant's phone calls were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. These telephonic communications by Defendant violated 47 U.S.C. § 227(b)(1).

26. CBE's tactics have caused Plaintiff serious harm, including emotional distress. Defendant caused the plaintiff to feel angry and annoyed, and the repeated calls to her cellular telephone were an invasion of her privacy.

27. Consequently, Plaintiff is entitled to recovery actual, statutory, and exemplary damages from defendant.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE TCPA

28. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

29. "Willfully" and "knowingly" under the TCPA means that Defendant acted voluntarily, and under its own free will, regardless of whether Defendant knew that it was acting in violation of the statute. Sengenberger v. Credit Control Servs., 2010 U.S. Dist. LEXIS 43874, *16-17 (N.D. Ill. May 5, 2010); see also, e.g., Bridgeview Health Care Ctr. Ltd. v. Clark, No. 09-C-

5601, 2013 U.S. Dist. LEXIS 37310 (N.D. Ill. Mar. 19, 2013); Stewart v. Regent Asset Mgmt. Solutions, No. 10-CV-2552, 2011 U.S. Dist. LEXIS 50046 (N.D. Ga. May 4, 2011); Davis v. Diversified Consultants Inc., 36 F. Supp. 3d 217, 226 (D. Mass. 2014).

30. Defendant called plaintiff's cellular telephone using an ATDS, as defined in 47 U.S.C. § 227(a)(1), on multiple occasions as prohibited by 47 U.S.C. § 227(b)(1)(A), and without plaintiff's prior express consent.

31. The foregoing acts of Defendant constitute numerous multiple negligent and/or willful and/or knowing violations of the TCPA.

32. As a result of Defendant's negligent and/or willful and and/or knowing violations of the TCPA, Defendant is thus liable to the plaintiff for statutory damages of $500 to $1,500 for each call, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
VIOLATION OF THE FDCPA

33. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

34. The plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

35. Defendant CBE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

36. The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

37. CBE violated 15 U.S.C. § 1692e(2)(A) by attempting to collect a debt that Plaintiff did not owe.

38. CBE violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt, in particular calling defendant over 150 times after she asked defendant to cease calling her

5

because she did not owe the subject debt and was not the intended recipient of the calls.

39. CBE violated 15 U.S.C. § 1692d(5) by calling Plaintiff's cellular telephone over 150 times, causing it to ring repeatedly and continuously engaging her in conversation, with the intent to harass or annoy Plaintiff at the called number.

40. As a result of CBE's unlawful conduct the plaintiff suffered significant emotional distress, frustration, wasted time, and invasion of privacy.

41. CBE is thus liable to the plaintiff for statutory and actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE TDCA

42. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

43. The plaintiff is a "consumer" as that term is used in Tex. Fin. Code § 392.001(1).

44. Defendant CBE is a "debt collector" and a "third-party debt collector" within the meaning of Tex. Fin. Code § 392.001.

45. The alleged debt underlying the plaintiff's complaint is a "consumer debt" within the meaning of Tex. Fin. Code § 392.001(2).

46. CBE violated Tex Fin. Code § 392.302(4) by calling Plaintiff's cellular telephone over 150 times with the intent to harass Plaintiff at the called number.

47. CBE violated Tex Fin. Code § 392.304(a)(4) by failing to clearly disclose in its calls to Plaintiff to whom the debt has been assigned or owed.

48. As a result of CBE's unlawful conduct, the plaintiff significant significant emotional

distress, frustration, wasted time, and invasion of privacy.

49. CBE is thus liable to the plaintiff for actual damages in an amount to be determined by the trier of fact, as well as the plaintiff's attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

50. The plaintiff also is entitled to and seeks injunctive relief under Tex. Fin. Code § 392.403.

**FOURTH CAUSE OF ACTION**
UNREASONABLE COLLECTION

51. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

52. Under the common law, unreasonable collection involves "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." (Spencer v Hughes Watters Askanase, LLP, 2016 US Dist LEXIS 53659, at *23 [WD Tex Apr. 21, 2016, No. 5:16-CV-062-DAE].)

53. CBE's actions in repeatedly calling Plaintiff's cellular telephone over 150 times when she did not owe a debt, even after she clearly asked CBE to cease calling her and that was not the intended recipient, constitute the tort of unreasonable collection, which allows for the recovery of actual, and exemplary damages.

54. The plaintiff's injuries of emotional distress, frustration, wasted time, and invasion of privacy of resulted from the willful, wanton, and malicious activity of CBE, which entitles the plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

**PRAYER FOR RELIEF**

55. For these reasons, the plaintiff seeks judgment against defendant for the following:

56. Statutory damages of $500 to $1,500 per call pursuant to 47 U.S.C. § 227(b)(3).

57. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k (FDCPA)

58. Actual damages;

59. Exemplary damages;

60. Attorneys fees and costs;

61. Costs of court; and

62. Injunctive relief.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: November 29, 2016                  Respectfully submitted,

                                                                  _____
                                                                  Sameer S. Birring
                                                                  *Attorney for Plaintiff*
                                                                  Birring Law Firm, P.C.
                                                                  43 West 43rd Street, Suite 134
                                                                  New York, NY 10036
                                                                  Tel: (646) 801-2712
                                                                  Fax: (646) 798-0110
                                                                  sameer@birringlaw.com
                                                                  Texas State Bar Number 24087169